UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER LIPSEY, JR., <br><br> Plaintiff, <br><br> v. <br><br> MEDINA, et al., <br><br> Defendants. | **1:17-cv-01705-MJS (PC)** <br><br> **FINDINGS AND RECOMMENDATION TO DENY REQUEST FOR PRELIMINARY INJUNCTIVE RELIEF** <br><br> **(ECF No. 9)** <br><br> **ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE TO THIS ACTION** <br><br> **FOURTEEN DAY OBJECTIONS DEADLINE** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The Court has yet to screen Plaintiff's complaint.

On February 5, 2018, Plaintiff filed a motion for preliminary injunctive relief. (ECF No. 9.) Plaintiff moves the Court to direct the California Department of Corrections and Rehabilitation ("CDCR"): (1) To provide Plaintiff and all other prisoners with their property upon arrival during a transfer; (2) To not retaliate against Plaintiff for seeking the injunction; (3) To use cameras to record property transfers; and (4) To photograph prisoners with their property when they receive it following transfer. (Id. at 8.)

Because the matter has yet to be screened and Defendants have not been

served, no opposition was filed. For the reasons outlined below, the undersigned directs the Clerk of Court to assign a District Judge to this action and recommends that the motion for preliminary injunction be denied.

**I.     Legal Standard**

The purpose of a temporary restraining order is to preserve the status quo before a preliminary injunction hearing may be held; its provisional remedial nature is designed merely to prevent irreparable loss of rights prior to judgment. Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1422 (9th Cir. 1984). Under Federal Rule of Civil Procedure 65, a temporary restraining order may be granted only if "specific facts in an affidavit or verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A).

The analysis for a temporary restraining order is substantially identical to that for a preliminary injunction, Stuhlbarg Intern. Sales Co., Inc. v. John D. Brush and Co., Inc., 240 F.3d 832, 839 n.7 (9th Cir. 2001), and "[a] preliminary injunction is an extraordinary remedy never awarded as of right," Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 24 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 20 (citations omitted). A preliminary injunction may issue where the plaintiff demonstrates the existence of serious questions going to the merits and the hardship balance tips sharply toward the plaintiff, assuming the other two elements of the Winter test are also met. Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-32 (9th Cir. 2011). Under either formulation of the principles, preliminary injunctive relief should be denied if the probability of success on the merits is low. See Johnson v. Cal. State Bd. of Accountancy, 72 F.3d 1427, 1430 (9th Cir. 1995) (even if the balance of hardships tips decidedly in favor of the moving party, it must be shown as an irreducible minimum that there is a fair chance of success

on the merits).

An injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief. Id. at 22 (citation omitted) (emphasis added). In addition, in cases brought by prisoners involving conditions of confinement, any preliminary injunction must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm. 18 U.S.C. § 3626(a)(2).

**II.    Factual Background**

    **A.    Allegations in Complaint**

The allegations in Plaintiff's complaint (ECF No. 1) can be summarized as follows:

In his first claim, Plaintiff alleges that he was prosecuting ten separate lawsuits when he was transferred to Corcoran State Prison ("CSP") in 2017. Upon receiving notice of the impending transfer, Plaintiff filed a form 602 inmate appeal to CSP requesting that his legal files be provided to him immediately upon arrival because he was preparing a wrongful death claim on behalf of his deceased father. Plaintiff alleges that this 602 appeal was denied by Defendant Goree at CSP in retaliation for numerous 602 appeals Plaintiff filed against staff at CSP when he was imprisoned there from 2014 to 2016.

Plaintiff's property was inventoried by Defendant Medina on April 17, 2017 outside of Plaintiff's presence. Plaintiff received his property on April 29, 2017 and discovered that the wrongful death complaint he had worked on for two years was missing, along with other unidentified property. Plaintiff asserts a retaliation claim under the First Amendment and avers that he was time-barred from filing the wrongful death action because Defendants' lost his draft complaint three weeks before the statute of limitations deadline. (ECF No. 1 at 6.)

In his second claim, Plaintiff also avers that, on March 30, 2017, he filed a 602 appeal at CSP arguing for a change in policy so that transferred inmates would receive their property upon arrival at the new facility, rather than waiting weeks to receive such

things as shower shoes, deodorant, legal files, and religious materials. (Id. at 7.) The appeal was denied by Defendant Godwin on April 16, 2017 at the first level; denied by Defendant Perez on May 7, 2017 at the second level; and denied by Defendant Kernan on August 17, 2017 at the third level. Defendants' enforcement of this policy caused the loss of the civil complaint in his wrongful death action and several other irreplaceable items. These policies violated Plaintiff's First, Eighth and Fourteenth Amendment rights, in that he was unable to shower for over a month and unable to celebrate Passover because his Torah was unavailable during the delay. (Id.)

In his third claim, Plaintiff alleges that he filed an informal appeal ("Form 22") on April 30, 2017 concerning his missing property. (Id. at 8.) Plaintiff did not receive a response to the Form 22, so he filed a 602 appeal on May 24, 2017. Defendant Goree threatened him with 602 appeal restriction if he filed another appeal. (Id.)

In his fourth claim, Plaintiff alleges that the CDCR operations manual concerning the transfer of property is not constitutional. (Id. at 9.) Defendant Carter and Defendant John or Jane Doe (Defendant Carter's supervisor) were responsible for implementing the unconstitutional operations manual and causing inmates' property to be held for over a month after transfer. Loss of his civil complaint and a copy of his father's obituary caused him to become depressed and start "cutting." (Id.)

Plaintiff requests compensatory and punitive damages, as well as an order that CDCR change its policy concerning the transfer of inmate property. (Id. at 10.)

**B.     Motion for Injunctive Relief**

Plaintiff's complaint contains a motion for injunctive relief. (ECF No. 1 at 11-17.) On February 5, 2018, Plaintiff filed a separate motion for injunctive relief. (ECF No. 9.) The text of the motion filed on February 5, 2018 is identical to the text of the motion attached to the complaint. (Compare ECF Nos. 1 at 11-17; 9 at 1-8.) In the separately-filed motion for injunctive relief, however, Plaintiff attaches several pages of exhibits, including property invoices and documentation on the transfer of his property to CSP. (ECF No. 9 at 9-17.) Otherwise, the motions are identical. The Court will address only

4

the separately-filed motion for injunctive relief here.

As noted above, Plaintiff ultimately seeks an injunction directing CDCR: (1) To provide Plaintiff and all other prisoners with their property upon arrival after a transfer; (2) To not retaliate against Plaintiff for seeking the injunction; (3) To use cameras to record property transfers; and (4) To photograph prisoners with their property on its receipt. (Id. at 8.)

Plaintiff argues that preliminary injunctive relief is necessary because he could be transferred as soon as March 29, 2018 and, if so, current policies may result in more lost or damaged property. (Id. at 4.) The threatened loss of or damage to property -- including legal files in ten lawsuits and a death penalty case being prosecuted against him -- outweighs any imposition on CDCR in having to change its policies. (Id. at 5.) He makes several unsupported claims that his proposal will create efficiencies, time savings and money saving for the prisons. (Id. at 5, 6.) He asserts that his claims have a substantial likelihood of success because CDRC's current operations are counterproductive and redundant and violate state and federal law. (Id. at 7.)

**III.     Discussion**

Plaintiff does not provide legal or factual support for his claims of inefficiencies and unconstitutionality in current practices or his claims that his proposals are better than the current procedures. He merely speculates. The Court cannot balance the relative hardships of the two systems. The same speculation applies to his claims he may soon be transferred again and see more property lost or damaged. There is no showing of imminent harm.

Since the Court has yet to find that he has asserted a cognizable claim, it cannot be said he has shown a likelihood of success.

Regardless, the possibility Plaintiff might suffer some loss under the current system will not justify the Court substituting its untrained judgment and administrative decision-making authority from those most qualified to dispense it. See Sandin v. Conner, 515 U.S. 472, 482-83 (1995) (disapproving the involvement of federal courts in

5

the day-to-day-management of prisons)).

In sum, Plaintiff has not shown a likelihood of success on the merits, irreparable harm, a balance of the equities in his favor, or that an injunction is in the public interest. See Fed. R. Civ. P. 65; Local Rule 231; Winter, 555 U.S. at 24.

**IV. Conclusion**

IT IS HEREBY ORDERED that the Clerk of Court randomly assign a District Judge to this action for the purpose of ruling on the below recommendation.

For the foregoing reasons, IT IS HEREBY RECOMMENDED that Plaintiff's motion for injunctive relief (ECF No. 9) be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   February 14, 2018          /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE