UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER LIPSEY, JR, <br><br> Plaintiff, <br><br> v. <br><br> MEDINA, et al., <br><br> Defendants. | **Case No. 1:17-cv-01705-LJO-JLT (PC)** <br><br> **ORDER ADOPTING IN PART FINDINGS AND RECOMMENDATIONS TO DISMISS FIRST AMENDED COMPLAINT WITHOUT LEAVE TO AMEND** <br><br> **(Docs. 18, 20)** <br><br> **THIRTY-DAY DEADLINE** |

Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On November 21, 2018, the magistrate judge filed findings and recommendations herein which were served on plaintiff and which contained notice to plaintiff that any objections to the findings and recommendations were to be filed within fourteen days. Plaintiff has filed objections to the findings and recommendations.

**I.     Discussion**

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this Court has conducted a de novo review of this case, including plaintiff's objections. Overall, the magistrate judge's findings and recommendations are supported by the record and by proper analysis. Nonetheless, based on additional allegations made in plaintiff's objections, the Court

1

finds it necessary to consider whether leave to amend should be granted as to three specific claims: First Amendment retaliation, Eighth Amendment conditions of confinement, and First Amendment free exercise.

### A. First Amendment Retaliation

Plaintiff objects to the magistrate judge's determination that plaintiff fails to state a First Amendment retaliation claim against Goree for this defendant's alleged threat to restrict plaintiff's ability to file inmate grievances purportedly because of plaintiff's history of filing such grievances.

Plaintiff is correct that the filing of an inmate grievance is a protected activity. See Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). But in order for a defendant's conduct to amount to retaliation, plaintiff must include allegations showing that the conduct was *because of* this protected activity. Plaintiff has twice failed to meet that requirement. That Goree rejected plaintiff's grievances and threatened him with appeal restriction for violating Cal. Regs., tit. 15, § 3084.4(a)(1)'s limit of one non-emergency appeal every 14 days does not, standing alone, suggest retaliation for previously-filed grievances. Nor does it suggest that Goree intended to impede plaintiff's ability to ensure the timely transfer of his personal property when plaintiff himself is transferred to another institution. In fact, any motive ascribed to this defendant appears to be based solely on speculation. Plaintiff, of course, was required to provide direct or circumstantial evidence of defendant's alleged retaliatory motive, not speculation. See McCollum v. CDCR, 647 F.3d 870, 882–83 (9th Cir. 2011). At best, plaintiff's allegations suggest that Goree improperly screened plaintiff's grievances, but as the magistrate judge noted, plaintiff is not entitled to a specific grievance procedure or outcome. Therefore, plaintiff's objections as to his retaliation claim are overruled. Since he has asserted no new facts in his objections that would suggest that this claim can be amended, it will be dismissed with prejudice.

### B. Conditions of Confinement

Turning next to plaintiff's conditions of confinement claim, the magistrate judge found that plaintiff again failed to include enough specificity such that it was impossible to determine whether his rights were violated. For example, while he claimed that he is deprived of his own

2

shower shoes and deodorant following a transfer, it was unclear if Corcoran State Prison had provided plaintiff any items in the interim or whether plaintiff was forced to forego other necessities to purchase replacements for the missing items from the prison. In addition, plaintiff failed to adequately link his allegations to any defendant.

The Court agrees with the magistrate judge's assessment. Plaintiff takes issue generally with the "average" delay of "6-8 weeks" of an inmate's personal property following transfer. These allegations suggest that, following his recent transfer to Corcoran State Prison, his personal property had similarly been delayed, but plaintiff does not state when he arrived at Corcoran State Prison, when (if ever) he received his personal property, whether he was unable to purchase certain items from the prison during the interim, and what role, if any, the individual defendants played. While a pro se plaintiff's complaint must be liberally construed, the Court is not required to supply critical facts.

Furthermore, to the extent plaintiff is challenging a CDCR practice or custom of significantly delaying the transfer of personal property, he was previously informed that a temporary denial of personal items does not constitute a conditions of confinement claim. Moreover, his identification of Carter and Lockwood as "Administrator of Law / Division of Administrative Services Regulation and Policy Management Branch" whose "jobs are to fashion rules that are tailored to respect inmates constitutional rights and for the safety of both inmates and staff" fails to inform the Court as to whether they can properly respond to an order for injunctive relief. As the Ninth Circuit Court of Appeals explained in Hartmann v. CDCR, 707 F.3d 1114, 1127 (9th Cir. 2013):

> A plaintiff seeking injunctive relief against the State is not required to allege a named official's personal involvement in the acts or omissions constituting the alleged constitutional violation. See id.; Graham, 473 U.S. at 166. Rather, a plaintiff need only identify the law or policy challenged as a constitutional violation and name the official within the entity who can appropriately respond to injunctive relief. See L.A. Cnty. v. Humphries, 562 U.S. 29 (2010); Hafer [v. Melo], 502 U.S. [21] at 25 [1991].

3

In his objections, plaintiff argues that he can remedy the above-identified problems. He claims that from 2010 to 2018, he has been transferred approximately 20 times, and in half of those transfers, he has not been provided deodorant because of his custody class. Instead, the prisons have provided him with one bar of soap weekly that he claims must be used to clean his body, wash his cell, and wash his clothes. Plaintiff also claim that some of his food was returned to him stale and unsafe to eat. On review, the Court finds that the temporary deprivation of deodorant does not amount to a constitutional violation. Nor does the fact that plaintiff's food became stale or inedible. Plaintiff is reminded that only "extreme deprivations" can make out a conditions-of-confinement claim. Hudson v. McMillian, 503 U.S. 1, 9 (1992) (internal citations omitted). "[R]outine discomfort is 'part of the penalty that criminal offenders pay for their offenses against society,'" and "'only those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." Id.

Notwithstanding the foregoing, two allegations in the objections give the Court pause. Plaintiff asserts that while he awaited his personal property, he has been provided baking soda instead of toothpaste, which burns and cuts into his gums and thereby affects his ability to eat, and that he has never been provided shower shoes, forcing him to forego showers for fear of contracting an illness. These allegations suggest that plaintiff may be able to amend his complaint, but again, plaintiff's allegations are too vague to determine the viability of his claim. As noted supra, plaintiff does not state when he arrived at Corcoran State Prison, when (if ever) he received his personal property, whether either the baking soda or shower shoes were an issue at that institution, to whom he complained, and what role, if any, the individual defendants played.

In an abundance of caution, plaintiff will be granted **one final opportunity** to state a conditions of confinement claim based on the baking soda and shower shoes. Plaintiff is forewarned that, because he references a ten-year period in his objections, any specific

instance(s) identified in the second amended complaint must not run afoul of the applicable statute of limitations for a Section 1983 claim.[1]

**C. Free Exercise Clause**

Lastly, plaintiff argues that the magistrate judge erred in finding that plaintiff failed to state a free exercise claim. He claims that his allegations are sufficient to proceed and likens this case to an unpublished out-of-circuit district court case, Harris v. Adams County Sheriff's Dep't, 1:16-cv-0574-RED-MEH (D. Colo.). There, the plaintiff, a Muslim inmate, alleged that prison officials confiscated his Qur'an upon his transfer to the Adams County Detention Facility pursuant to a policy that requires the confiscation of the Muslim holy book when booked into the facility. When the plaintiff then submitted an inmate request for a copy of Qur'an, his request was denied because of a second policy that prohibits inmates housed in the Intake Units from possessing religious items or other property pending review by the Jail Classification unit. The plaintiff claimed these policies interfered with his ability to practice his faith during the month of Ramadan.

Plaintiff's reliance on Harris is misplaced. Here, while plaintiff first claims that the delay in transferring his personal property, which included a Torah, violated his religious rights, he fails to allege that his Torah was singled out and confiscated due to an institutional policy affecting only Jewish inmates, and the Court declines to find that the mere delay in receipt of personal property, which happens to include a religious book, can serve as the basis of a free exercise claim.

Plaintiff next contends that his multiple requests for a Torah were denied. But plaintiff's first amended complaint does not include facts to support this claim or sufficiently link it to any defendant. He alleges only that he submitted inmate request forms to "the captain" that were

---

[1] For actions under 42 U.S.C. § 1983, courts apply the forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law." Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004). In California, the statute of limitations for personal injury actions is two years. See Cal. Code Civ. Proc. § 335.1; Maldonado v. Harris, 370 F.3d 945, 954-55 (9th Cir. 2004). However, this limitations period is statutorily tolled for a period of two years for a person who is, "at the time the cause of action accrued, imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life." See Cal. Code Civ. Proc. § 352.1(a); Johnson v. State of California, 207 F.3d 650, 654 (9th Cir. 2000).

never responded to; he submitted an inmate grievance regarding the delayed receipt of his personal property, the outcome of which remains unclear; and he "informed" Godwin and "put J. Perez on notice" that he had been waiting for over a year to receive a Torah. In none of these allegations is there a specific link to a request for a Torah and a denial of that request.

Again, in an abundance of caution, the Court will provide plaintiff **one final opportunity** to provide sufficient factual detail in support of this claim.

**II.      Conclusion**

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for screening of case (Doc. 20) is GRANTED;
2. The findings and recommendations filed November 21, 2018 (Doc. 18), are adopted in part. All of plaintiff's claims are dismissed with prejudice except his Eighth Amendment conditions of confinement and First Amendment free exercise claims; and
3. Plaintiff is granted thirty days from the date of this Order to file a second amended complaint consistent with this Order. Failure to file a timely pleading will result in the dismissal of this action for failure to prosecute and failure to comply with a court order.

IT IS SO ORDERED.

Dated:   **May 16, 2019**                    /s/ Lawrence J. O'Neill
                                             UNITED STATES CHIEF DISTRICT JUDGE