# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER LIPSEY, JR.,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>MEDINA, et al.,<br><br>　　　　　Defendants. | **Case No.: 1:17-cv-01705-LJO-JLT (PC)**<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR SCREENING; AND**<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS SECOND AMENDED COMPLAINT WITH PREJUDICE**<br><br>**(Docs. 22, 23)**<br><br>**FOURTEEN-DAY DEADLINE** |

　　　Plaintiff has filed a second amended complaint asserting claims against governmental employees pursuant to 42 U.S.C. § 1983. The Court is required to screen complaints brought by inmates seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

1

## I. Relevant Procedural Background

Plaintiff initiated this action on December 19, 2017, for claims related to the delayed receipt of his personal property following several institutional transfers; this property included legal documents, personal hygiene items, and a Torah. The Court screened the complaint and found it lacked a cognizable claim. (Doc. 12.) Plaintiff then filed a first amended complaint (Doc. 14), which the Court screened again and deemed it to be substantively identical to the original complaint. Because plaintiff failed to state a claim and his allegations suggested that there were no additional facts to plead, the Court issued findings and recommendations to dismiss the first amended complaint without leave to amend. (Doc. 18.) Plaintiff objected to the findings and recommendations. (Doc. 19.) On review of the objections, District Judge Lawrence J. O'Neill granted the findings and recommendations in part, giving plaintiff one final opportunity to state an Eighth Amendment conditions of confinement claim and a First Amendment free exercise claim. Plaintiff's second amended complaint follows from that order and is now before the Court for screening.

## II. Pleading Standard

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678.

Prisoners may bring § 1983 claims against individuals acting "under color of state law." See 42 U.S.C. § 1983, 28 U.S.C. § 1915(e) (2)(B)(ii). Under § 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572

F.3d 962, 969 (9th Cir. 2009). Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**III.     Plaintiff's Allegations**

Plaintiff brings this civil rights action against four defendants: Corcoran State Prison Associate Warden R. Godwin, Chief Deputy Warden J. Perez, Secretary of the California Department of Corrections and Rehabilitation ("CDCR") S. Kernan, and Appeals Examiner / Captain T. Lee. Plaintiff seeks damages and injunctive relief. Plaintiff's allegations are summarized as follows:

**A. Eighth Amendment and Fourteenth Amendment Claims**

Plaintiff's first challenge concerns the relationship between his indigency and the CDCR's alleged practice of excessively delaying the transfer of an inmate's personal property following the inmate's transfer to another institution. Plaintiff claims that he was transferred multiple times since 2014, accompanying each transfer was a six to eight-week delay in the receiving his personal property.

Plaintiff, who owes restitution and court fees, has been unable to purchase any hygiene items from the canteen because any money that is in his account is taken before he is able to buy anything. Therefore, during those periods while he awaited the receipt of his personal property, he was forced to rely on items provided to him by the institution, to include toothpaste, soap, and shower shoes. In lieu of toothpaste, however, plaintiff was (and presumably still is) provided baking soda, which causes plaintiff's gums to bleed and become highly sensitive. This prevents him from eating healthy solid foods, such as apples, and forces him instead to eat "a lot of bread," resulting in weight gain and gingivitis. He also claims that he was denied shower shoes, forcing him to go extended periods of time without a shower for fear of contracting an illness walking barefoot in the showers. Between 2015-2016, plaintiff claims he "went a whole year without a shower and using a piece of soap as toothpaste."

In early 2017, and in anticipation of an upcoming transfer to CSP, plaintiff submitted an inmate grievance explaining his past problems with the delayed receipt and/or loss of his personal property, but the appeal was not processed. Upon his transfer to CSP in March 2017, plaintiff claims that "most of his property was either damaged or missing." As a result, from March 2017 until October 2017, plaintiff was forced to forego showers and to wash his clothes, body, and cell with a single bar of soap.

On March 30, 2017—the same month that he was transferred to CSP—plaintiff filed an inmate grievance regarding the property transfer policy in general and its effect on indigent inmates. This appeal was denied at the first level of review by defendant Associate Warden Godwin; denied at the second level by defendant Warden Perez; and denied at the third level of review "on behalf of" defendant Secretary Kernan.

In March 2018, plaintiff was transferred from CSP to High Desert State Prison. During the six to eight weeks that his property was withheld as a result of this transfer, he was temporarily transferred back to CSP, where he was again provided baking soda in lieu of toothpaste. He also alleges that he was not provided shower shoes. As a result, plaintiff was unable to shower for fear of contracting an illness in the showers, and he was forced to use soap as toothpaste until July 2018 when he received a care package.

Plaintiff claims the defendants were on notice since 2015 of these issues regarding the delayed receipt of property and the failure to provide indigent inmates with proper personal hygiene items. Despite notice, they failed to ensure that he receive necessary items at CSP. He also contends that, despite the recent passage of California Penal Code § 5007.7[1], which ensures the provision of personal hygiene items to indigent inmates, Secretary Kernan has failed to ensure that plaintiff be provided basic hygiene items such as toothpaste instead of baking soda.

**B. First Amendment and Fourteenth Amendment**

Plaintiff is a practicing Jewish inmate. Because he has not had a copy of his Torah due to the delayed receipt of his personal property, he has been unable to practice his religion, especially

---

[1] Section 5007.7 provides, in relevant part, that "[a]n inmate who has maintained an inmate trust account with twenty-five dollars ($25) or less for 30 consecutive days shall be deemed indigent. An indigent inmate shall receive basic supplies necessary for maintaining personal hygiene…."

during holy days. Plaintiff claims that he asked several unidentified individuals for a Torah between 2017 and 2018, but staff members did not provide him with one even though they provided Christian and Muslim inmates with copies of their holy books.

**IV.     Discussion**

    **A.     Eighth Amendment Conditions of Confinement**

While not entirely clear, it appears that plaintiff is again accusing the defendants of violating his rights by denying his generalized inmate grievance challenging CDCR's property transfer policy. This claim must be dismissed with prejudice because, as plaintiff was previously informed, the property transfer policy itself does not violate the constitution. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (supervisory official liable under Section 1983 if he or she knew of a violation and failed to act to prevent it).

Next, plaintiff alleges that the defendants, despite notice, failed to provide him with necessary personal hygiene items while he was housed at CSP, in violation of his Eighth Amendment rights. The treatment a prisoner receives in prison and the conditions of his confinement are subject to scrutiny under the Eighth Amendment. Helling v. McKinney, 509 U.S. 25, 31 (1993). To be actionable under the Eighth Amendment, an alleged deprivation must satisfy both an objective component, i.e., the deprivation must be sufficiently serious, and a subjective component, i.e., the offending conduct was wanton. Farmer v. Brennan, 511 U.S. 825, 833 (1970); LeMaire v. Maass, 12 F.3d 1444, 1451 (9th Cir. 1993). The subjective component of the Eighth Amendment requires a showing that the prison official knew of and disregarded an excessive risk to inmate health or safety; the official must have been aware of facts from which the inference could be drawn that a substantial risk of serious harm existed, and he must have drawn the inference. Farmer, 511 U.S. 835.

Plaintiff's allegations suggest, at best, that the defendants were aware only of a generalized issue that indigent inmates are sometimes not provided with certain personal hygiene items following institutional transfers. The allegations do not suggest that these defendants were personally aware that plaintiff himself was experiencing these problems at CSP. Because the

grievance appears to form the only link between these defendants and the alleged violation of plaintiff's rights, the Court once again concludes that plaintiff has failed to state a claim.

Regarding plaintiff's contention that injunctive relief is warranted because he is still being provided baking soda in lieu of toothpaste, plaintiff is reminded that "routine discomfort is 'part of the penalty that criminal offenders pay for their offenses against society,'" and "only those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." Hudson v. McMillian, 503 U.S. 1, 9 (1992) (internal citations omitted). The mere provision of baking soda, rather than his preferred toothpaste, does not rise to a condition of confinement that violates plaintiff's Eighth Amendment rights. See Acuna v. Rowland, 24 F.3d 244 (9th Cir. May 4, 1994) (holding that the inmate's constitutional rights were not violated by the provision of "toothpowder" instead of toothpaste); Roshone v. Peters, 2014 WL 4547031 (D. Or. Sept. 12, 2014) (holding that plaintiff failed to state a claim that his constitutional rights were violated by the provision of baking soda instead of toothpaste). Insofar as plaintiff claims that he suffered health issues using the baking soda, he fails to include any allegations that would suggest that any of the defendants, to include Secretary Kernan, was aware of that harm. For these reasons, plaintiff again fails to state a conditions of confinement claim.

**B. First Amendment Free Exercise**

Plaintiff is entitled to a reasonable opportunity to practice his religion. Cruz v. Beto, 405 U.S. 319, 322 (1972). "Inmates . . . retain protections afforded by the First Amendment, including its directive that no law shall prohibit the free exercise of religion." O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987) (internal quotations and citations omitted). The protections of the Free Exercise Clause are triggered when prison officials substantially burden the practice of an inmate's religion by preventing him from engaging in conduct which he sincerely believes is consistent with his faith. Shakur v. Schriro, 514 F.3d 878, 884–85 (9th Cir.2008); Freeman v. Arpaio, 125 F.3d 732, 737 (9th Cir. 1997), overruled in part by Shakur, 514 F.3d at 884–85.

The allegations in the second amended complaint do not rectify the infirmities of the prior pleadings. Plaintiff alleges that, due to the delayed receipt of his personal property over the years,

| | |
|---|---|
| 1 | he has been forced to ask (unidentified) institutional staff members for a Torah, and each time he |
| 2 | was unable to secure access to one other than through care packages and/or other inmates. He |
| 3 | claims that the defendants should be required to justify the prohibition against allowing inmates |
| 4 | to take their religious materials with them until institutional staff process the rest of their property |
| 5 | or justify why they can't provide plaintiff with a Torah upon request. As with the previous |
| 6 | complaint, however, this claim is not properly asserted against any of the defendants. Plaintiff |
| 7 | does not allege that he asked any of them for a Torah, that any of them denied him a Torah or that |
| 8 | they had any control over whether the Torah could be maintained with him during transport. His |
| 9 | allegations continue to suffer from vague and conclusory statements that fail to provide the |
| 10 | necessary link between the complained-of conduct and the named defendants. As with the |
| 11 | previous claim, the Court will recommend that this claim be dismissed. |

**V.   Conclusion**

Plaintiff's claims are once again not cognizable as plead. The recurring problem for plaintiff is his failure to properly link his allegations to the defendants. Because this is the third opportunity in which he has failed to state a claim and further because Judge O'Neill granted plaintiff one final opportunity to state a claim, the Court GRANTS plaintiff's motion for screening (Doc. 23); and

The Court RECOMMENDS that the second amended complaint be dismissed with prejudice for failure to state a claim.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

///

///

///

///

The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **December 17, 2019**  /s/ **Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE