UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER LIPSEY, JR., <br><br> Plaintiff, <br><br> v. <br><br> MEDINA, et al., <br><br> Defendants. | **1:17-cv-01705-LJO-JLT (PC)** <br><br> **ORDER DENYING PLAINTIFF'S REQUEST FOR RULING** <br><br> **(Doc. 29)** |

This civil rights action was closed on January 8, 2020, after determination that Plaintiff repeatedly failed to state a claim. (Doc. 27.) Plaintiff has since filed a motion requesting a ruling as to the status of his state law claims.

Federal courts are courts of limited jurisdiction. Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552 (2005). Federal courts have supplemental jurisdiction over state law claims only when the plaintiff alleges a federal claim over which the court has original jurisdiction and the state law claims "are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). When the federal claims are dismissed before trial, it is wholly within the district court's discretion to dismiss the state claims. United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966); see also Schneider v. TRW, Inc., 938 F.2d 986, 993-94 (9th Cir. 1991); 28 U.S.C. § 1367(c)(3).

Because Plaintiff's allegations were found to be insufficient to proceed on any federal claim, there was no basis for the court to exercise supplemental jurisdiction over any remaining state law claims and no ruling was made with respect to their viability. Thus, his motion is DENIED. If Plaintiff intends to pursue his state law claims, he may do so only in state court.

IT IS SO ORDERED.

Dated:   **August 4, 2020**                              **/s/ Jennifer L. Thurston**
                                                          UNITED STATES MAGISTRATE JUDGE